UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

IN RE: DePUY ORTHOPADEICS, INC. )
ASR HIP IMPLANT PRODUCTS )  MDL No. 1: 10 md 2197
LIBILITY LITIGATION )
) **SHORT FORM COMPLAINT**
) **FOR**
) **DePUY ORTHOPAEDICS, INC.**
) **ASR HIP IMPLANT PRODUCTS**
) **LIABILITY LITIGATION**

---

This applies to:

Dana Moore and Teresa Moore v. DePuy
Orthopaedics, Inc. *et al*                                  **JURY TRIAL DEMAND**

---

DANA MOORE and TERESA MOORE

    Plaintiffs

  - against                                                      **Civil Action No.** _____

DePUY ORTHOPAEDICS, INC., DePUY
INC., DePUY INTERNATIONAL LIMITED,
JOHNSON & JOHNSON, JOHNSON &
JOHNSON SERVICES, INC.
JOHNSON & JOHNSON INTERNATIONAL

    Defendants

---

### ABBREVIATED SHORT FORM COMPLAINT FOR DePUY ORTHOPAEDICS INC. ASR HIP IMPLANT PRODUCTS LIABILITY LITIGATION

1.  Plaintiffs, <u>Dana Moore and Teresa Moore</u>, state and bring this civil action before the Court for the United States District Court for the Northern District of Ohio as a related action in the matter entitled <u>IN RE: DePUY ORTHOPAEDICS, INC. ASR HIP</u>

<u>IMPLANT PRODUCTS LIABILITY LITIGATION</u>, MDL No. 2197. Plaintiff is filing this short form complaint as permitted by Case Management Order No. 4 of this Court.

## ALLEGATIONS AS TO VENUE

2. Venue of this case is appropriate in the United States District Court of the State of for the Northern District of Ohio. Plaintiff states that but for the Order permitting direct filing into the Northern District of Ohio pursuant to Case Management Order No. 4, Plaintiff would have filed in the Western District of the United States District Court of the State of Texas. Therefore, Plaintiff respectfully requests that at the time of transfer of this action back to the trial court for further proceedings that this case be transferred to the above referenced District Court.

3. Plaintiff Dana Moore is a resident and citizen of Leander, Williamson County, Texas and claims damages as set forth below. Plaintiff's Spouse Teresa Moore is a resident and citizen of Leander, Williamson County, Texas and claims damages as a result of loss of consortium.

4. Plaintiff was born on December 1, 1967.

    Plaintiff claims damages as a result of:

    __X__ injury to herself/himself

    _____ injury to the person represented

    _____ wrongful death

    _____ survivorship action

    __X__ economic loss

    __X__ loss of services

    __X__ loss of consortium

**ALLEGATIONS AS TO INJURIES**

5. Plaintiff was implanted with a DePuy ASR hip implant on his/her <u>Left</u> hip on or about <u>December 17, 2007</u> at the <u>St. David Medical Center</u>, in <u>Austin, TX</u> by <u>Eric Matthew Heinrich, M.D.</u>

6. On or about <u>various dates postoperatively</u>, Plaintiff suffered the following personal injuries and economic injur(ies) as a result of the implantation with the ASR hip implant: <u>pain, stiffness, discomfort, and weakness which in turn negatively affects plaintiff's mobility and quality of life. Plaintiff suffers from anxiety about the recalled hip implant, the toxicity of the metal in the body, and the consequent need for medical monitoring</u>.

7. Plaintiff has not yet scheduled an explantation of the ASR hip implant.

8. Plaintiff has suffered injuries as a result of the implantation and explantation of the DePuy ASR hip implant manufactured by defendants as shall be fully set for the in Plaintiff's Fact Sheet and other responsive documents provided to the defendants and are incorporated by reference herein;

9. At the time of implantation with the ASR hip implant, the Plaintiff resided in <u>Leander, TX 78641.</u>

10. The defendants by their actions or inactions, proximately caused Plaintiff's injuries.

11. The plaintiff could not have known that the injuries he/she suffered were as a result of a defect in the ASR hip implant until after the date the device was recalled from the market and the plaintiff came to learn of the recall.

12.     The plaintiff could not have known that he/she was injured by excessive levels of chromium and cobalt until after the date he/she had his/her blood drawn and he/she was advised of the results of said blood-work.

13.     As a result of the injuries Plaintiff sustained, he/she/they are entitled to recover compensatory damages for pain and suffering and emotional distress and for economic loss as well as punitive damages.

### ALLEGATIONS AS TO DEFENDANTS
### SPECIFIC ALLEGATIONS AND THEORIES OF RECOVERY

14.     The following claims and allegations are asserted by Plaintiff and are herein adopted by reference:

   __X__   FIRSTCAUSE OF ACTION
           (NEGLIGENCE);

   __X__   SECOND CAUSE OF ACTION
           (NEGLIGENCE PER SE);

   __X__   THIRD CAUSE OF ACTION
           (STRICT PRODUCTS LIABILITY-DEFECTIVE DESIGN);

   __X__   FOURTH CAUSE OF ACTION
           (STRICT PRODUCTS LIABILITY-MANUFACTURING DEFECT);

   __X__   FIFTH CAUSE OF ACTION
           (STRICT PRODUCTS LIABILITY-FAILURE TO WARN);

   __X__   SIXTH CAUSE OF ACTION
           (BREACH OF EXPRESS WARRANTY)

   __X__   SEVENTH CAUSE OF ACTION
           (BREACH OF WARRANTY AS TO MERCHANTABILITY);

   __X__   EIGHTH CAUSE OF ACTION
           (BREACH OF IMPLIED WARRANTIES);

   __X__   NINTH CAUSE OF ACTION
           (FRAUDULENT MISREPRESENTATION);

__X__ TENTH CAUSE OF ACTION
(FRAUDULENT CONCEALMENT);

__X__ ELEVENTH CAUSE OF ACTION
(NEGLEGENT MISREPRESENTATION);

__X__ TWELFTH CAUSE OF ACTION
(FRAUD AND DECEIT);

__X__ THIRTEENTH CAUSE OF ACTION
(UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER STATE LAW);

__X__ FOURTEENTH CAUSE OF ACTION
(MISREPRESENTATION BY OMISSION);

__X__ FIFTEENTH CAUSE OF ACTION
(CONSTRUCTIVE FRAUD);

__X__ SIXTEENTH CASUE OF ACTION
(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS);

__X__ SEVENTEETH CAUSE OF ACTION
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS);

__X__ EIGHTEENTH CAUSE OF ACTION
(GROSS NEGLIGENCE/MALICE);

__X__ NINTEENTH CAUSE OF ACTION
(LOSS OF CONSORTIUM);

__X__ TWENTIETH CAUSE OF ACTION
(PUNITIVE DAMAGES);

__X__ TWENTY-FIRST CAUSE OF ACTION
(MEDICAL MONITORING)

__X__ TWENTY-SECOND CAUSE OF ACTION
(VIOLATION OF APPLICABLE STATE CONSUMER FRAUD STATUTE – Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.46);

__X__ TWENTY-THIRD CASUE OF ACTION
(RESTITUTION OF ALL PURCHASE COSTS AND DISGORGEMENT OF ALL PROFITS FROM MONIES THAT PLAINTIFF INCURRED IN PURCHASE OF THE HIP IMPLANT)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff(s) pray for judgment against Defendants as follows:

1. For compensatory damages requested and according to proof;

2. For punitive or exemplary damages against Defendants;

3. For all applicable statutory damages of the state whose laws will govern this action;

4. For medical monitoring, whether denominated as damages or in the form of equitable relief;

5. For an award of attorneys' fees and costs;

6. For prejudgment interest and the costs of suit; and,

7. For such other and further relief as this Court may deem just and proper;

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Date: January 29, 2015      By:      /s/ Brian U. Loncar
                                     BRIAN U. LONCAR
                                     TX STATE BAR ID NO. 12512200

                                     424 SOUTH CESAR CHAVEZ
                                     DALLAS, TEXAS 75201
                                     800-285-4878 PHONE
                                     469-484-7184 FAX
                                     jcoveney@brianloncar.com